IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY DOMSIC and CYDNEY DOMSIC,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF EASTPOINTE, MICHIGAN; GEORGE ROUHIB, individually and in his official capacity as the Public Safety Director, City of Eastpointe, Michigan; and OFFICER WIEDERHOLD, individually and in his official capacity as a Police Officer, City of Eastpointe Police Department, City of Eastpointe, Michigan,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>[42 U.S.C. § 1983] |

Plaintiffs Jeffrey Domsic and Cydney Domsic (hereinafter referred to as "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. This case seeks to protect and vindicate fundamental rights. It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' policy and/or practice of issuing criminal citations to pro-life activists for displaying hand-held

- 1 -

signs on the public sidewalk outside of the Eastland Women's Clinic, which is an abortion center located within the City of Eastpointe, Michigan (hereinafter "City"). Plaintiffs also challenge the constitutionality, facially and as applied, of the underlying Ordinances used by Defendants to do so.

2. Plaintiffs seek a declaration that Defendants' policy and/or practice, including the enforcement of the underlying Ordinances, violate Plaintiffs' clearly established rights as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' policy and/or practice, including the enforcement of the underlying Ordinances, as set forth in this Complaint, and nominal damages. Plaintiffs also seek an award of their reasonable costs of litigation, including attorneys' fees and expenses.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

5. Plaintiffs' claim for nominal damages is authorized under 42 U.S.C. § 1983 and by the general legal and equitable powers of this Court.

6. Plaintiffs' claim for an award of their reasonable costs of litigation,

including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988, and other applicable law.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

8. Plaintiffs Jeffrey and Cydney Domsic are adult citizens of the United States and residents of Michigan. Plaintiffs are pro-life activists.

## DEFENDANTS

9. Defendant City is a municipal entity organized and existing under the laws of the State of Michigan. It is a municipal corporation with the right to sue and be sued.

10. The City and its officials are responsible for creating, adopting, approving, ratifying, and enforcing the ordinances, policies, practices, customs, and/or procedures of the City, including the challenged policy and/or practice and Code of Ordinances, as set forth in this Complaint.

11. The City, through its Police Department and its officials, including Defendants Rouhib and Wiederhold, enforces the challenged policy and/or practice and Code of Ordinances, as set forth in this Complaint.

12. The City's Code of Ordinances, policies, practices, customs, and/or procedures were the moving force behind the constitutional violations set forth in this Complaint.

13. Defendant George Rouhib is the City's Public Safety Director. He is appointed by the City Manager. As the Public Safety Director, Defendant Rouhib is responsible for overseeing the overall operation of the City's Police Department, including the adoption, creation, and enforcement of the challenged policy and/or practice and the enforcement of the City's Code of Ordinances, as set forth in this Complaint. Defendant Rouhib is sued individually and in his official capacity.

14. Defendant Wiederhold is an officer in the City Police Department. As a City Police Officer, Defendant Wiederhold is responsible for enforcing the challenged policy and/or practice and the City's Code of Ordinances, as set forth in this Complaint. Defendant Wiederhold is sued individually and in his official capacity.

### STATEMENT OF FACTS

15. Plaintiffs are Catholic, and they oppose abortion because it is an intrinsic evil. Plaintiffs firmly believe based on science, revealed truth, and their Catholic faith that abortion is a violent act that results in the death of an innocent human life.

16. As part of their religious exercise and freedom of speech, Plaintiffs

engage in expressive activity on public sidewalks outside of abortion centers.  This expressive activity includes displaying hand-held anti-abortion signs.

17. Examples of hand-held anti-abortion signs used by Plaintiffs outside of abortion centers in Michigan appear below:

  

18. Plaintiffs have engaged in their expressive activity outside of abortion centers located in Livonia, Michigan and Westland, Michigan.

19. Plaintiffs want to engage in their expressive activity outside of the Eastland Women's Clinic.  However, Plaintiffs are prevented from doing so by the challenged policy and/or practice of Defendants and Defendants' enforcement of the City's Code of Ordinances, as set forth in this Complaint.

20. Plaintiffs belong to a group of Catholics known as Church Militant Resistance.  Members of this group plan to engage in anti-abortion expressive activity on the public sidewalk outside of the Eastland Women's Clinic.  Plaintiffs would like to join the other members of this group by displaying their hand-held anti-abortion signs on the public sidewalk outside of the Eastland Women's Clinic.  However, Plaintiffs are prevented from doing so by the challenged policy and/or

practice of Defendants and Defendants' enforcement of the City's Code of Ordinances, as set forth in this Complaint.

21. Defendants have a policy and/or practice of favoring the actions of the pro-abortion workers and volunteers of the Eastland Women's Clinic over the free speech activity of the pro-life activists. Pursuant to this policy and/or practice, Defendants target the pro-life activists for adverse treatment and harassment, as set forth in this Complaint.

22. On or about October 1, 2022, several pro-life activists were on the public sidewalk outside of the Eastland Women's Clinic. The pro-life activists were holding anti-abortion signs similar to the anti-abortion signs used by Plaintiffs. The pro-life activists were not obstructing the public sidewalk; they stood to the side of the sidewalk to allow pedestrian access.

23. Holding anti-abortion signs on a public sidewalk is fully protected by the First Amendment. In other words, the pro-life activists' speech activity on October 1, 2022, which is similar to Plaintiffs' speech activity, is fully protected by the First Amendment.

24. While the pro-life activists' free speech activity was peaceful, non-obstructive, and constitutionally protected, pro-abortion workers and volunteers of the Eastland Women's Center would use umbrellas to block people from seeing the pro-life activists' anti-abortion signs, and the pro-abortion workers and volunteers

would block and obstruct access to the public sidewalk by doing so. The activity of the pro-abortion workers and volunteers is not constitutionally protected. True and accurate images showing the obstructive behavior of the pro-abortion workers and volunteers appear below:






25. Pursuant to the challenged policy and/or practice, City police officers

did nothing to prevent the pro-abortion workers and volunteers from suppressing the pro-life activists' speech with their umbrellas, and they did nothing to prevent the pro-abortion workers and volunteers from blocking access to the public sidewalk with their umbrellas. In other words, Defendants, through the City's police officers, favor the abortion center and its workers, volunteers, and supporters over pro-life activists.

26. Pursuant to the challenged policy and/or practice, on or about October 1, 2022, City police officers, including Defendant Wiederhold, issued criminal citations to two peaceful pro-life activists, citing the pro-life activists for allegedly violating § 30-111 of the City's Code of Ordinances. According to the officers, a violation of § 30-111 is a misdemeanor, which carries criminal penalties including fines and imprisonment. The citations also stated, "SIGN PERMIT REQUIRED." A true and correct copy of one of the citations issued by Defendant Wiederhold is attached to this Complaint as Exhibit 1.

27. According to Defendant Wiederhold, the pro-life activists violated the law because they "cannot stay stationary . . . the signs have to stay in motion the entire time." This view of the law was confirmed by other City police officers at the scene.

28. The City police officers, including Defendant Wiederhold, issued the citations without any prior warning to the pro-life activists at the abortion center.

29.     The interaction between and among the City police officers, including Defendant Wiederhold, and the pro-life activists was captured on video.  Plaintiffs have seen this video, and the officers' actions on the video are forcing Plaintiffs to forego their free speech activity at the Eastland Women's Clinic because Plaintiffs do not want to receive a citation or face criminal penalties for their speech activity.

30.     Plaintiff Cydney Domsic suffers from several medical conditions which make it impossible for her to keep her hand-held sign in motion while she is engaging in her speech activity.

31.     Below are true and accurate images of City police officers, including Defendant Wiederhold, issuing the citations and explaining the law violation (*i.e.*, that the failure to keep the anti-abortion signs in motion is a criminal offense):





32. Section 30-111 of the City Ordinances states as follows:

Sec. 30-111. - Signs prohibiting distribution.

No person shall distribute, deposit, place, throw, scatter or cast any handbill upon any premises if requested by anyone thereon not to do so or if there is placed on such premises, in a conspicuous position near the entrance thereof, a sign bearing the words: "No Trespassing," "No Peddlers or Agents," "No Advertisement" or any similar notice, indicating in any manner that the occupants of such premises do not desire to be molested, to have their right of privacy disturbed or to have any such handbills left upon such premises. However, the owner, landlord or person in control of any premises remaining vacant for more than five days shall post in a conspicuous position on the premises such sign as is indicated by this section. The term "vacant," as used in this section, shall not be deemed to include temporary absences from the premises by its regular occupants.

33. Pursuant to § 1-15 of the City's Code of Ordinances:

[E]very person convicted of a violation of any provision of this Code or any rule, regulation or order adopted or issued in pursuance thereof shall be punished by a fine of not more than $500.00 and costs of prosecution or by imprisonment for not more than 90 days or by both such fine and imprisonment in the discretion of the court. Each act of

violation and every day upon which any such violation shall occur shall constitute a separate offense.

34. By its plain language, § 30-111 does not apply to the pro-life activists' speech activity. Moreover, the First Amendment does not require pro-life activists to keep their signs in motion when holding them on a public sidewalk nor does it require a "sign permit" under the circumstances set forth in this Complaint. In fact, requiring the pro-life activists to get a permit for this activity or to keep their signs moving as a condition to exercising their right to free speech violates the First Amendment.

35. Thus, requiring pro-life activists to keep their signs in motion or face criminal citations and penalties violates the First Amendment. And requiring pro-life activists to get a sign permit before standing on a public sidewalk with hand-held signs violates the First Amendment.

36. The pro-life activists' peaceful, non-obstructive free speech activity, including the speech activity of Plaintiffs as described in this Complaint, cannot be proscribed by any City Ordinance.

37. The issuing of the citations by the City police officers, including Defendant Wiederhold, was part of the policy and/or practice of Defendants to target pro-life activists for adverse treatment and harassment, and the only purpose for issuing the citations was to harass and chill the free speech rights of pro-life activists, such as Plaintiffs, in violation of the First and Fourteenth Amendments.

38. Defendants' actions, including the challenged policy and/or practice of harassing and targeting pro-life activists and the unlawful enforcement of the City's Code of Ordinances, have deterred Plaintiffs from exercising their right to freedom of speech on the public sidewalk outside of the Eastland Women's Clinic.

39. The intended effect of Defendants' policy and/or practice of harassing and targeting pro-life activists for adverse treatment is to deter the free speech activity of pro-life activists, including Plaintiffs.

40. The U.S. Supreme Court has long held that it is not necessary that a plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge state action that deters the exercise of his constitutional rights. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974); *see also Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965) (stating that "[t]he threat of sanctions may deter . . . almost as potently as the actual application of sanctions" and "[b]ecause of the sensitive nature of constitutionally protected expression, we have not required that all of those subject to overbroad regulations risk prosecution to test their rights").

41. Plaintiffs plan to go to the Eastland Women's Clinic in Eastpointe, Michigan on November 9, 2022, the day following the election, to display their hand-held signs on the public sidewalk. However, without a court order enjoining Defendants' policy and/or practice of targeting pro-life activists for adverse treatment and harassment and Defendants' enforcement of the City's Code of

Ordinances, as set forth in this Complaint, Plaintiffs are prevented from doing so. Plaintiffs do not want to receive a citation and face criminal penalties for engaging in their free speech activity.

## FIRST CLAIM FOR RELIEF

### (Freedom of Speech—First Amendment)

42. Plaintiffs hereby incorporate by reference all stated paragraphs.

43. By reason of the aforementioned ordinances, acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of their right to freedom of speech in violation of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

44. Defendants' actions, as set forth in this Complaint, injured Plaintiffs in a way likely to chill a person of ordinary firmness from further participation in their free speech activity. Plaintiffs' constitutionally protected activity motivated Defendants' adverse actions. Thus, Defendants acted with a retaliatory intent or motive.

45. Defendants targeted Plaintiffs' pro-life speech activity for disfavored treatment and harassment, as set forth in this Complaint, in violation of the First Amendment.

46. Defendants' animus against Plaintiffs' pro-life speech is content and viewpoint based in violation of the First Amendment.

47. The City's Code of Ordinances, facially and as applied to Plaintiffs' expressive activity as set forth in this Complaint, violates the First Amendment.

48. The City's Code of Ordinances, facially and as applied to Plaintiffs' expressive activity, as set forth in this Complaint, is vague and overbroad in violation of the First Amendment.

49. Defendants will seek to enforce their policy and/or practice and the City's Code of Ordinances against Plaintiffs' expressive activity in the future, as set forth in this Complaint.

50. The City's Code of Ordinances and the City's policy and/or practice with regard to the enforcement of its Ordinances against pro-life activists were each a moving force behind the violation of Plaintiffs' rights protected by the First Amendment, as set forth in this Complaint.

51. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

## (Equal Protection—Fourteenth Amendment)

52. Plaintiffs hereby incorporate by reference all stated paragraphs.

53. By reason of the aforementioned ordinances, acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

54. Defendants' enforcement of the City's Code of Ordinances, as set forth in this Complaint, violates the Equal Protection Clause of the Fourteenth Amendment.

55. By denying Plaintiffs and other pro-life activists access to a public forum to engage in their speech activities, which Defendants disfavor, Defendants have deprived Plaintiffs of the equal protection of the law.

56. As set forth in this Complaint, Defendants have targeted pro-life demonstrators such as Plaintiffs for selective and disfavored treatment because of their expressive activity in violation of the equal protection guarantee of the Fourteenth Amendment.

57. As set forth in this Complaint, Defendants' adverse actions against Plaintiffs and other pro-life activists were designed to intimidate and oppress pro-

life and anti-abortion expression, which Defendants disfavor, in violation of the equal protection guarantee of the Fourteenth Amendment.

58. The City's Code of Ordinances, as applied to Plaintiffs' expressive activity as set forth in this Complaint, violates the equal protection guarantee of the Fourteenth Amendment.

59. The enforcement of the City's Code Ordinances against Plaintiffs and other pro-life activists, as set forth in this Complaint, violates Plaintiffs' rights protected by the Fourteenth Amendment.

60. The City's Code of Ordinances and the City's policy and/or practice of harassing pro-life activists and targeting pro-life activists for adverse treatment were each a moving force behind the violation of Plaintiffs' rights protected by the Fourteenth Amendment, as set forth in this Complaint.

61. As a direct and proximate result of Defendants' violation of the Equal Protection Clause, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

### THIRD CLAIM FOR RELIEF

### (Due Process—Fourteenth Amendment)

62. Plaintiffs hereby incorporate by reference all stated paragraphs.

63. By reason of the aforementioned ordinances, acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of the due process of the law guaranteed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

64. The City's Code of Ordinances, facially and as applied to pro-life and anti-abortion expressive activity as set forth in this Complaint, is vague in violation of the Fourteenth Amendment.

65. The City's Code of Ordinances is vague in that it traps the innocent by not providing fair warning.

66. The City's Code of Ordinances lacks explicit standards thereby permitting arbitrary and discriminatory enforcement and thus impermissibly delegating basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

67. The City's Code of Ordinances abuts upon sensitive areas of basic First Amendment freedoms and thereby operates to inhibit the exercise of those freedoms.

68. The vagueness and overbreadth of the City's Code of Ordinances lead citizens such as Plaintiffs to steer far wider of the unlawful zone than if the boundaries of the forbidden areas were clearly marked.

69. The City's Code of Ordinances was the moving force behind the violation of Plaintiffs' rights protected by the First and Fourteenth Amendments as set forth in this Complaint.

70. As a direct and proximate result of Defendants' violation of the Due Process Clause, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A) to declare that Defendants violated Plaintiffs' fundamental constitutional rights as set forth in this Complaint;

B) to declare that Defendants' policy and/or practice of harassing pro-life activists and targeting pro-life activists for adverse treatment and Defendants' enforcement of the City's Code of Ordinances as applied to pro-life and anti-abortion speech and related activities as set forth in this Complaint are unconstitutional;

C) to permanently enjoin Defendants' policy and/or practice of harassing pro-life activists and targeting pro-life activists for adverse treatment and Defendants' enforcement of the City's Code Ordinances as applied to pro-life and anti-abortion speech and related activities as set forth in this Complaint;

D) to award Plaintiffs nominal damages;

E) to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

F) to grant such other and further relief as this court should find just and proper.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert J. Muise, Esq. (P62849)
Kate Oliveri, Esq. (P79932)
P.O. Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756
Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org

/s/ *David Yerushalmi*
David Yerushalmi, Esq. (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011;
NY Bar No. 4632568)
2020 Pennsylvania Avenue NW, Suite 189
Washington, D.C. 20006
Tel: (646) 262-0500
Fax: (801) 760-3901
dyerushalmi@americanfreedomlawcenter.org

*Counsel for Plaintiffs*